**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Steven Simmons,<br><br>    Plaintiff,<br><br>vs.<br><br>Kyle Thompson; Chris Miller; Tom Sullivan; and the City of Tempe,<br><br>    Defendants. | No. CV-13-0065-PHX-LOA<br><br>**ORDER** |

This action arises on the Court's review of *pro se* Plaintiff's Amended Complaint, filed on January 25, 2013. (Doc. 7) The Amended Complaint was timely filed in response to the Court's January 17, 2013 screening order mandated by 28 U.S.C. § 1915(e)(2) as Plaintiff is seeking *in forma pauperis* status waiving the filing and service of process fees. Plaintiff has voluntarily consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (Doc. 6) Because the Amended Complaint fails to allege the basis of the District Court's limited subject matter jurisdiction and state a plausible claim upon which relief may be granted, this action will be dismissed without prejudice. Of course, Plaintiff may re-file an action in federal court upon full payment of the filing fee or file a new action in the Maricopa County Superior Court, State of Arizona.

**I. Background**

*Pro se* Plaintiff filed this action and Motion (Application) To Proceed In District Court Without Prepaying Fees Or Costs on January 10, 2013. (Docs. 1-2) Because Plaintiff is requesting to proceed *in forma pauperis*, the Court screened the Complaint to determine

1  whether, *inter alia*, the Complaint stated a claim upon which relief may be granted. *See* 28
2  U.S.C. § 1915(e)(2).

3  On January 17, 2013, the Court issued a 15-page order, explaining in detail, among
4  other things, the District Court of Arizona's limited jurisdiction, the presumption an action
5  lies outside this limited jurisdiction, and federal Rule 8(a)(1)'s requirement that a complaint
6  (or amended complaint) provide a "short and plain statement of the grounds for the court's
7  jurisdiction[,]" quoting *Quantum Info. Specialists v. U.S. Gov't*, 2011 WL 2693959, at *1 (D.
8  Ariz. July 12, 2011) (quoting Fed.R.Civ.P. 8(a)(1)). (Doc. 4 at 3, 6, 14) The Court laid out
9  Rule 8(a)(2)'s plausible claim pleading standard after *Twombly* and *Iqbal*, *id*. at 4-6; and the
10 factual allegations needed to allege plausible claims for 1) excessive use of force resulting
11 in civil right's violations under 42 U.S.C. § 1983, *id*. at 6-8; 2) a public employee's liability
12 in his individual capacity, *id*.; 3) negligence and vicarious liability under Arizona law, *id*. at
13 8-9; and 4) the requirements of Arizona's notice of claim statute, A.R. S. § 12-821.01(A),
14 *id*. at 9-10. Complying with Ninth Circuit authority, Plaintiff was allowed to file an amended
15 complaint to allege the requirements of federal law. In its Order giving him leave to amend
16 his complaint, Plaintiff was warned that "if he fails to comply with the Court's instructions
17 explained in this Order, the action will be dismissed . . . ." *Id.* at 13-14. Specifically, the
18 January 17, 2013 Order mandated the "amended complaint, . . . must demonstrate subject-
19 matter jurisdiction on its face, allege plausible claims upon which relief may be granted
20 against each defendant, be consistent with this Order, and comply with the Local Rules." *Id*.
21 at 14.

22 The Court's prior order informed Plaintiff of the neutral role federal trial judges must
23 have and they may not act as counsel or paralegal to *pro* se litigants because, if they did, it
24 "would undermine district [or magistrate] judges' role as impartial decisionmakers." *Pliler*
25 *v. Ford*, 542 U.S. 225, 226-227 (2004). Federal judges do not have "license . . . to rewrite an
26 otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR*
27 *Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled*
28 *on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## II. Discussion

### A. Subject Matter Jurisdiction

Despite the Court's detailed order explaining what is required to establish federal subject matter jurisdiction and allege plausible claims in federal courts, Plaintiff's Amended Complaint is unacceptably deficient. Overlooking the defects in form, such as, the failure to set forth claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, *see* Fed.R.Civ.P. 10(b), the Amended Complaint totally fails to plead the District Court of Arizona has subject matter jurisdiction to adjudicate Plaintiff's action. (Doc. 7) Because "[i]t is to be presumed that a cause lies outside [federal courts'] limited jurisdiction" unless proven otherwise, *Kokkonen v. Guardian Life Ins. Co.* 511 U.S. 375, 377 (1994), the Court will dismiss the Amended Complaint, in part, for failure to plead the District Court of Arizona has jurisdiction to adjudicate Plaintiff's action. *See Ziya v. Global Linguistic Solution*, 2010 WL 4102904, at *1 (D. Ariz. Oct. 18, 2010) (dismissing case for failure to plead subject matter jurisdiction) (citing *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss *sua sponte* if jurisdiction is lacking").

### B. Title 42 U.S.C. § 1983

"To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff's Amended Complaint alleges Tempe Police Officers Thompson, Miller, and Sullivan hit Plaintiff with closed fists on his head, face, and nose "without provocation" "breaking the plaintiff's nose." (Doc. 7 at 2) The Amended Complaint, however, does not allege this use of force violated Plaintiff's Fourth Amendment right against excessive use of

force or any other right secured by the Constitution or laws of the United States.[1] Nowhere in the Amended Complaint does Plaintiff cite, much less factually develop the elements of, a § 1983 claim despite the Court's prior order explaining what is generally required to state a plausible § 1983 claim. Plaintiff's allegations of unreasonable force in the Amended Complaint are equally applicable to a state law claim for assault and battery for which this District Court would have no subject matter jurisdiction absent another cause of action upon which federal jurisdiction may be predicated pursuant to 28 U.S.C. § 1331 or other statutory grant of jurisdiction. *See Williams v. City of Mesa*, 2011 WL 836856, at *13 (D. Ariz. March 9, 2011) ("To establish the tort of assault in Arizona, Plaintiff must prove that [the police officer] acted with intent to cause a harmful or offensive contact or imminent apprehension thereof.") (citations and internal quotation marks omitted).

The Amended Complaint names the City of Tempe as a defendant, rather than the non-jural entity Tempe Police Department named in the original complaint, but it fails to allege a valid federal basis for suit against the City or a state law claim of vicarious liability under *respondeat superior*, as the Court explained in its January 17, 2013 Order. There is, of course, no *respondeat superior* liability under section 1983. *See Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 889 (9th Cir. 1990) (citation omitted). A municipality may only be held liable if a plaintiff can demonstrate that his constitutional rights were violated as a result of an official city policy or custom. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 690-94 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). In the Ninth Circuit, "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim–Panahi*, 839 F.2d at 624 (quoting *Shah v. County of L.A.*, 797 F.2d 743, 747 (9th Cir. 1986)). No such "bare allegation" is made in the Amended Complaint

---

[1] Plaintiff's general references to "Roe v. Wade," "the Plessy Decision," "Brown v. Board of Education," and the Thirteenth and Fourteenth Amendments provide no assistance in stating a plausible claim against the defendants.

- 4 -

1 against the City of Tempe.

2 **III. Conclusion**

3     "Although leave to amend should be freely given 'when justice so requires,' Fed.R.Civ.P. 15(a)(2), the Court has 'especially broad' discretion to deny leave to amend where a plaintiff already has had one or more opportunities to amend a complaint." *Guzman-Martinez v. Corrections Corp. of America*, 2012 WL 5907081, at *13 (D. Ariz. Nov. 26, 2012) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989)). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Id.* (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

    Plaintiff has been given an opportunity to amend his complaint in a 15-page order, explaining in detail everything he reasonably needed to withstand a 28 U.S.C. § 1915(e)(2) screening order. (Doc. 4) To do again would effectively mean the Court is drafting the second amended complaint for him, which, of course, it may not do. This action, therefore, will be dismissed as a result of the Plaintiff's failure to establish subject matter jurisdiction and allege plausible claims upon which relief may be granted. In the interest's of justice, however, the dismissal will be without prejudice. *See Khan-Allah v. Arizona State Prison Complex, Eyman*, 2012 WL 1564317, at *3 (D. Ariz. May 1, 2012) (dismissing plaintiff's First Amended Complaint without prejudice for failing to allege case arose pursuant to § 1983 or that district court had jurisdiction pursuant to 28 U.S.C. § 1343(a)) (citing *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

    Based on the foregoing,

    **IT IS ORDERED** that this action is **DISMISSED** without prejudice on the grounds Plaintiff has failed to allege the basis of this District Court's limited subject matter jurisdiction and state a plausible claim upon which relief may be granted. Plaintiff may re-file a complaint in federal court upon full payment of the filing fee or file a new action in the

1  Maricopa County Superior Court, State of Arizona, or other appropriate court.

2  **IT IS FURTHER ORDERED** that Plaintiff's Motion (Application) To Proceed In
3  District Court Without Prepaying Fees Or Costs, doc. 2, is **DENIED** as moot.

4  Dated this 28th day of January, 2013.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 6 -